Titus, C. J.
This is an appeal from a judgment and order denying defendant’s motion for a new trial. The plaintiff was injured while crossing the defendant’s railroad tracks at Montgomery street *153 in this city. The facts are somewhat peculiar. The plaintiff was driving a team hauling dirt from Monroe street, and dumping it. into Clinton street, and necessarily crossed the tracts of the defendant at Montgomery street or Oneida street. The plaintiff’s evidence tends to show that box cars and other cars were standing on the track which he crossed before entering the track upon which he was injured, and in some degree obstructed his view in the direction from which the train was approaching; that no signal was given either by ringing a bell or sounding a whistle; that the train was going at from eight to ten miles an hour. When he got onto Montgomery street he looked for a train, and saw nothing, and passed along the street, between the cars on either side, and when he passed the track on which the box cars stood he looked and saw the train coming, but his horses were then on the track, it was too late to stop or back off, and he hurried them across,, and the engine struck the rear portion of the wagon, threw him up into the air and between the tracks, where he lay for some minutes in an unconscious condition. He was placed‘on the train and taken to the defendant’s depot, an ambulance was called, and he resisted the attempt of the employes to put him into the ambulance, and absolutely refused to go, and used vile and abusive language, to those around him. He was then arrested by the policeman in the depot, taken to the police station, and kept there until the next morning, when he was fined five dollars for being drunk and disorderly, and sent to the penitentiary. The next day his employer went to the penitentiary, paid his fine, and took him home, where he remained for some weeks, unable to do anything. He was dizzy at times, and on two occasions, in attempting to-drive his teams, fell from the wagon, and once fell downstairs. The defendant’s witnesses claim that he acted like a drunken man, and one of them says he smelled liquor when near him, and that he was drunk. The plaintiff himself denies that he was drunk. He claims that he had drunk but two glasses of beer that day, that he has no knowledge of what occurred after the accident until he found himself in the penitentiary. Other witnesses say that he was not drunk, and showed no signs of having been drinking. It is claimed that his conduct was caused by the injury received in the collision
The case was submitted to the jury under a fair charge by the court, and they awarded him a verdict. It is now claimed by defendant’s counsel that there was no evidence to submit to the jury on the question of the defendant’s negligence or the contributory negligence of the plaintiff. We think there was evidence from which the jury could properly find both of these questions in favor of the plaintiff, and that no error was committed by the court in submitting the question to the jury. Ho exceptions were taken to the charge of the court, and the learned counsel does not on this appeal claim that any available error was committed in the charge, but he insists that the court was in error in admitting evidence under his objection, for which a new trial should be granted. I have examined the exceptions taken, and do not think that re *154 versible error can be predicated upon them. The evidence of the physicians as to his physical condition and general health after the accident was a proper subject of inquiry as bearing upon the character and extent of the injury received, and properly admitted. These are the only exceptions that seem to merit any notice, and do not warrant a reversal of the judgment.
The judgment and order appealed from should be affirmed, • with costs.